UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO G. HUDSON, SR.,<br><br>    Plaintiff,<br><br>    v.<br><br>RON BROOMFIELD, et al.,<br><br>    Defendants. | Case No. 21-06747 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983, challenging the denial of early release under Proposition 57. Dkt. No. 1. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Plaintiff claims that he is a non-violent offender whose only underlying offense is a DUI, and that he is therefore eligible for parole consideration under Proposition 57.[1] Dkt. No. 1 at 4, 15. Plaintiff claims this is an Eighth Amendment violation because "illegal sentence and enhancements show cruel and unusual punishment." Id. at 3. Plaintiff names the following as Defendants: Ron Broomfield, SQSP Warden; Kathleen Allison, CDCR Secretary; and Governor Gavin Newsom. Id. at 2. Plaintiff seeks to be released, and that his sentence be vacated or voided. Id. at 3.

With regards to the relief sought, Plaintiff cannot obtain the relief he seeks through this § 1983 action. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v.

---

[1] California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Specifically, Proposition 57 adds Article I, section 32 to the California Constitution. That section provides, in part, that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. art. I, § 32(a)(1). The state courts have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." Daniels v. California Dep't of Corr. And Rehb., 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018).

2

Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A parole claim that affects the legality or duration of a prisoner's custody, and a determination of which may likely result in entitlement to an earlier release, must be brought in habeas. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991); Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition). Accordingly, Plaintiff's claim that his sentence violates the Eighth Amendment, and therefore must be vacated or voided and that he is entitled to immediate release, must be brought in habeas.

On the other hand, Plaintiff's claim regarding the applicability of Proposition 57 entitling him to early parole consideration, liberally construed, states a due process claim. See Cal. Penal Code § 3041(b); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002), overruled on other grounds by Swarthout v. Cooke, 562 U.S. 216 (2011). If Plaintiff is successful in this action, he would only be entitled to a parole hearing that comports with due process.[2] This claim is cognizable against Defendants Broomfield and Allison, who were involved in implementing the regulations. However, Plaintiff fails to state a claim against Governor Newsom who has no connection to the implementation of the regulations

---

[2] The state courts have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." Daniels v. California Dep't of Corr. And Rehb., 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018).

3

that Plaintiff challenges. Accordingly, Plaintiff's claim against Governor Newsom is DISMISSED.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. This action shall proceed on the due process claim against Defendants Broomfield and Allison. The Eighth Amendment claim is DISMISSED without prejudice to filing it in a habeas action. Defendant Gavin Newsom shall be DISMISSED from this action as there are no cognizable claims against him. The Clerk shall terminate Defendant Newsom from this action.

2. The following defendants shall be served:

   a. **Kathleen Allison, Director of the CDCR**

   b. **Ron Broomfield, Warden of SQSP**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, and any attachments thereto, Dkt. No. 1, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

4

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5.  Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.  All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: 12/27/2021

EDWARD J. DAVILA
United States District Judge

Order of Partial Dismissal and of Svc
PRO-SE\EJD\CR.21\06747Hudson_svc