UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO G. HUDSON, SR.,<br><br>    Plaintiff,<br><br>       v.<br><br>RON BROOMFIELD, et al.,<br><br>    Defendants. | Case No. 21-cv-06747 EJD (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; ADDRESSING PENDING MOTIONS**<br><br>(Docket Nos. 30, 35, 36) |

Plaintiff, a California state prisoner, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The Court issued an order of partial dismissal and of service. Dkt. No. 7. Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) based on the lack of subject-matter jurisdiction. Dkt. No. 11. The Court denied the motion and directed Defendants to file a summary judgment motion on Plaintiff's due process claim challenging the denial of parole under California's Proposition 57.[1] Dkt. No. 24.

Defendants filed a motion for summary judgment on the grounds that they did not violate Plaintiff's right to due process because he was properly denied parole consideration

---

[1] The Court dismissed Plaintiff's Eighth Amendment challenge to his sentence to bringing it in a habeas action. Dkt. No. 7 at 2-3

and they are entitled to qualified immunity. Dkt. No. 30.[2][3] Plaintiff filed opposition, Dkt. No. 31, and Defendants filed a reply, Dkt. No. 32. Plaintiff filed a sur-reply. Dkt. No. 33. However, he failed to seek approval before filing this sur-reply as required by the local rules. See Civ. L.R. 7-3(d). Accordingly, Plaintiff's sur-reply is improper, and the Court will not consider it.

Plaintiff subsequently filed two summary judgment motions. Dkt. Nos. 35, 36. Defendants filed an opposition to the second of these motions. Dkt. No. 37. Plaintiff filed a "counter" which the Court construes as a reply. Dkt. No. 38.

For the reasons discussed below, Defendants' summary judgment motion is **GRANTED**.

## DISCUSSION

**I.    Statement of Facts**[4]

California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Specifically, Proposition 57 adds article I, section 32 to the California Constitution. That section provides, in part, that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. art. I, § 32(a)(1). The provision also expressly charged the California Department of Corrections and Rehabilitation ("CDCR") to "adopt regulations

---

[2] In support of the motion, Defendants submit the following: (1) a declaration from counsel, Deputy Attorney General Theodore Lee, along with the transcript of Plaintiff's deposition conducted on February 14, 2023, Dkt. No. 30-3; and (2) excerpts from Plaintiff's central file maintained by the CDCR, authenticated by SQSP's custodian of records, Eryn Cervantes, Dkt. No. 30-4.

[3] Defendants state that Defendant K. Allison retired in December 2022, and that Secretary Macomber's substitution as the actual party-in-interest is automatic. Dkt. No. 30 at 1, fn. 1, citing Fed. R. Civ. P. 25(d). Accordingly, Defendant Allison shall be dismissed from this actioin.

[4] The following facts are undisputed unless otherwise indicated.

2

in furtherance of these provisions…." Id., § 32(b).

CDCR enacted several regulations regarding article I, section 32, e.g., Cal. Code Regs., tit. 15 (Title 15), §§ 3490-3497 (2022). These regulations specified pertinent factors that rendered a prisoner ineligible for nonviolent offence parole consideration. See, e.g., Title 15 § 3495(a), (c). The regulations also detailed the eligibility review and referral to the Board of Parole Hearings processes. See Title 15, §§ 3496-3497.

The state regulations exclude inmates convicted of a violent felony and sentenced to a life term from nonviolent offense parole consideration. See Title 15, § 3495(a)(3). A violent felony is "a crime or enhancement as defined in subdivision (c) of Section 667.5 of the Penal Code." Title 15, § 3495(c). Such a felony includes any "felony punishable by… imprisonment in the state prison for life" and a "felony in which the defendant inflicts great bodily injury on any person… which has been charged and proved as provided for in Section 12022.7…." Cal. Penal Code § 667.5(c)(7) -(8) (2022).

On July 31, 2015, the Superior Court for the County of Contra Costa sentenced Plaintiff after a jury found him guilty of the following counts under the California Vehicle Code ("VC"): (1) VC § 23153(a) (driving under influence causing injury) with a GBI (great bodily injury) enhancement (Pen. Code § 12022.7); (2) VC § 23153(b) (driving with .08% blood alcohol causing injury) with a GBI enhancement (Pen. Code § 12022.7); (3) VC § 20001(a),(b)(1) (leaving scene of accident); and (4) VC § 20002(a) (hit-run driving). Cervantes Decl., Ex. 1 at 2, 6-7; Dkt. No. 30-4 at 3, 8-9. The Court imposed sentences for the two GBI enhancements under counts 1 and 2 but struck the punishment. Cervantes Decl., Ex. 1 at 2; Dkt. No. 30-4 at 4. For count one, Plaintiff received the longest sentence of thirty-five years to life, which included two five-year enhancements for prior convictions under Penal Code § 667(a)(1). Id.

Plaintiff requested parole under Proposition 57 in September 2020. Cervantes Decl., Ex. 2 at 5-6, Dkt. No. 30-4 at 24-25 (grievance log no. 43014). The institution-level response denied the grievance in October 2020, based on the abstract of judgment and

3

minute order for Plaintiff's sentence. Id. at 4, Dkt. No. 30-4 at 23. The headquarters-level response (Office of Appeals) reversed the decision and ordered a new determination in December 2020, finding the institution-level response's conclusion was "unsupported." Id. at 1, Dkt. No. 30-4 at 20.

Plaintiff filed this action on August 31, 2021. Dkt. No. 1. Plaintiff claimed that he is a nonviolent offender whose only underlying offense is a DUI, and that he is therefore eligible for parole consideration under Proposition 57. Dkt. No. 1 at 4, 15. On December 27, 2021, liberally construing the allegations, the Court found Plaintiff's claim regarding the applicability of Proposition 57 stated a due process claim, such that if he was successful, he would be entitled to a parole hearing that comports with due process. Dkt. No. 7 at 3. Defendants filed their unsuccessful motion to dismiss on March 22, 2022. Dkt. No. 11.

In August 2022, a new institution-level response again denied Plaintiff's grievance, specifically citing two "violent enhancements" under Penal Code section 12022.7 attached to counts one and two, which were stricken for punishment purposes. Cervantes Decl,, Ex. 3 at 1, Dkt. No. 30-4 at 32 (grievance log no. 266952). Plaintiff appealed the decision shortly thereafter. Id., Ex, 4, Dkt. No. 30-4 at 35-36. The Office of Appeals affirmed the decision in October 2022, agreeing that Plaintiff's two Penal Code section 12022.7 enhancements constituted violent felonies under Penal Code section 667.5. Id., Ex. 5, Dkt. No. 30-4 at 40-41.

Defendants filed their summary judgment motion on May 15, 2023. Dkt. No. 30.

## II. Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof

4

at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Cattrett, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. See Liberty Lobby, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (citations omitted). "This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence." In re Oracle Corporation Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Liberty Lobby, 477 U.S. at 252). "The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." Id. (citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). "In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." Id. (citing Liberty Lobby, 477 U.S. at 252). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of

5

law." Celotex Corp., 477 U.S. at 323.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a material fact. See T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. See id. at 631. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. Id. If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. See id.; see, e.g., Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1028-29 (9th Cir. 2001). The court's obligation to view evidence in the light most favorable to the non-movant does not require it to ignore undisputed evidence produced by the movant. L.F. v. Lake Washington School District, 947 F.3d 621, 625 (9th Cir. 2020).

### A.     Due Process

The Due Process Clause of the Fourteenth Amendment does not provide any right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 562 U.S. 216, 220 (2011). When a state enacts a statutory scheme allowing parole, however, the state creates a liberty interest such that the "Due Process Clause requires fair procedures for its vindication," and federal courts can review the application of those constitutional required procedures. Id. The liberty interest at issue here is the interest in receiving parole consideration under Proposition 57 when the California standards have been met, and the minimum procedures adequate for due-process protection of that interest. See id. at 221. In the context of parole, the Supreme Court has held that the procedures required are minimal, e.g., an opportunity to be heard and a statement of the reasons why parole was

denied. Id. at 220. Similarly, the Court will consider whether these minimum requirements were met here where only parole *consideration* was denied.

Defendants assert that there is no evidence that they infringed on Plaintiff's due process rights. Dkt. No. 30-1 at 8. Defendants assert that they provided ample due process through existing state regulations that allowed Plaintiff to request parole and for state prison officials to consider the request on the merits. Id. Defendants also assert that Plaintiff was never eligible for parole because his life term sentence included two enhancements under Penal Code section 12022.7, which are violent felonies. Id. at 10. Defendants contend that it matters not that the sentencing court stayed the punishment for the enhancements because what matters is the violent nature of an inmate's convicted felony. Id., citing Title 15, § 3495(a)(3). In other words, Defendants assert that their conduct at issue here never affected Plaintiff as he was outside the class of inmates who could participate in the regulatory scheme governing nonviolent felony offense parole consideration. Id.

In opposition, Plaintiff asserts for the first time that this case is not about Proposition 57 but rather "1170 recall and resentencing violation." Dkt. No. 31 at 1. He asserts that he deserved to be resentenced under Title 15, §§ 3076.1 and 3076.2. Id. at 2. Plaintiff also relies on the fact that his appeal (log no. 43014) was granted in December 2020. Id. He asserts that he is "low risk" and does not pose an unreasonable risk of danger to the public if released. Id. at 4.

In reply, Defendants assert that Plaintiff's opposition confirms that there is no genuine disputed issue of fact or law as to whether they violated Plaintiff's due process rights related to parole. Dkt. No. 32 at 1. Defendants point out that Plaintiff improperly seeks habeas relief, i.e., resentencing, which is impossible to obtain in a § 1983 action. Id. Defendants also assert that Plaintiff fails to sufficiently refute their evidence that they never violated his due process rights. Id. at 3. Lastly, Defendants assert that to the extent Plaintiff is challenging the correctness of his sentence, he is mistaken as he was correctly

7

sentenced under the appropriate statutes for his enhancements. Id. at 4.

After carefully reviewing the papers and viewing the evidence in the light most favorable to Plaintiff, the Court finds that the evidence presented does not show a genuine dispute as to any material fact relating to Plaintiff's due process claim based on the denial of parole consideration under Proposition 57. Plaintiff's sole argument is that he qualifies because his underlying conviction is a nonviolent DUI. However, he does not dispute the evidence submitted by Defendants showing that he was also found guilty of two GBI enhancements related to his DUI conviction. In other words, these two GBI enhancements were "charged and proved" under § 12022.7, which qualify as violent felonies under Penal Code § 667.5. See supra at 3. Therefore, under state regulations, Plaintiff is excluded from nonviolent offense parole consideration because he was convicted of violent crimes, i.e., GBI enhancements, and sentenced to a life term.[5] See Title 15, c 3495(a)(3).

Furthermore, even if it could be said that he qualified for consideration, Plaintiff was not denied due process. State regulations provide the means for requesting nonviolent offense parole. See, e.g., Title 15, §§ 3084-3084.9 (2020) (inmate appeals process); Title 15, § 3086 (2020) (inmate request for interview, item, or service). The appeals process provides Plaintiff an opportunity to be heard, and the institutional/appeal response must provide a reasoned statement for the decision. The undisputed evidence shows that these means were available to Plaintiff, and that he used these avenues to request parole and then to appeal the matter when he was denied. See supra at 3. Furthermore, the appeals process provided him with due process. In granting Plaintiff's appeal, the Office of Appeals ordered a new determination because the initial denial was "unsupported," i.e., it was unclear how the institution found Plaintiff's vehicular convictions to be violent felonies as

---

[5] This conclusion is consistent with the reasoning of the state superior court, an excerpt of which Plaintiff attached to his complaint. Dkt. No. 1 at 18-20. Although it denied the claim for failure to exhaust administrative remedies, the state court noted without deciding that Plaintiff appeared not to come within the terms of Proposition 57 because he was convicted of a violent felony, and therefore not eligible for parole consideration as a non-violent offender. Id. at 19.

the decision failed to establish such a nexus. Dkt. No. 1 at 4. After the institution issued a new determination, the Office of Appeals affirmed it because the decision did establish the necessary nexus to show that Plaintiff was a violent offender. Dkt. No. 30-4 at 40. Violation of procedural due process rights requires only procedural correction and not a reinstatement of the substantive right. See, e.g., Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991). In other words, the remedy for the denial of procedural due process is more process. Here, Plaintiff received "more process" through his appeals.

In opposition, Plaintiff attempts to raise a new claim and argues that he is entitled to resentencing and release. However, resentencing is not a remedy available in a § 1983 action. Rather, as the Court has already informed Plaintiff, habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from confinement. See Dkt. No. 7 at 3, citing Skinner v. Switzer, 562 U.S. 521, 533-34 (2011). Plaintiff's argument that he is entitled to resentencing and release clearly lie within habeas and may not be raised in this action. The same is true of Plaintiff's assertion that his sentence is incorrect. He may only challenge the validity of his state sentence through a habeas petition under 28 U.S.C. § 2254.

Based on the evidence presented, Defendants have shown that there is no genuine issue of material fact with respect to Plaintiff's due process claim. See Celotex Corp., 477 U.S. at 323. Plaintiff has failed to point to specific facts showing that there is a genuine issue for trial, id. at 324, or identify with reasonable particularity the evidence that precludes summary judgment, Keenan, 91 F.3d at 1279. Accordingly, Defendants are entitled to judgment as a matter of law. Id.; Celotex Corp., 477 U.S. at 323.

Because the Court finds that no constitutional violation occurred, it is not necessary to reach Defendants' qualified immunity argument.

### III. Plaintiff's Summary Judgment Motions

Plaintiff first moved for summary judgment based on Defendants' alleged "failure to respond." Dkt. No. 35. The motion is DENIED because Plaintiff's assertion that

9

Defendants failed to file a reply to his opposition is without merit. Defendants' reply was served on Plaintiff on the same day it was filed. See Dkt. No. 32 at 6.

Plaintiff's second motion for summary judgment asserts that he has been "granted early release and parole consideration at the final level of appeal, yet SQSP has yet to honor 3 of my 'granted' final level appeals." Dkt. No. 36 at 1. In a reply, Plaintiff repeats his assertion that the Court can "remand and resentence," asserting it is not the same as seeking immediate, speedier release. Dkt. No. 38. First, the attached papers do not support Plaintiff's assertion that he has been granted early release and parole consideration by the institution. Id. at 3-11. Second, as Defendants argue in opposition, Dkt. No. 37 at 3, the issue of early release or resentencing is not a matter that can be addressed in this § 1983 action but rather lies within the province of habeas. See supra at 9. Plaintiff cannot argue for nor seek such relief in this matter. Accordingly, the motion is DENIED as without merit.

## CONCLUSION

For the reasons stated above, Defendants Ron Broomfield and J. Macomber's motion for summary judgment is **GRANTED**. Dkt. No. 30. The due process claim against Defendants is **DISMISSED** with prejudice. Plaintiff's motions for summary judgment are **DENIED** as without merit. Dkt. Nos. 35, 36.

Defendant K. Allison is dismissed as a party in this action as Defendant Macomber has been substituted as the actual-party-in-interest. See supra at 2, fn. 3.

This order terminates Docket Nos. 30, 35, and 36.

**IT IS SO ORDERED.**

Dated: January 17, 2024

EDWARD J. DAVILA
United States District Judge